**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AARON MORALES BAHENA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| SOPOT, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Aaron Morales ("Plaintiff"), through his attorneys, for his Complaint against Sopot, LLC. ("Defendant"), states as follows:

## I.    NATURE OF THE CASE

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in a work week in violation of the FLSA and IMWL.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this judicial district as Defendant's principal place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

### III.    THE PARTIES

4.      At all relevant times, Plaintiff:

   a.      Has worked for Defendant in this judicial district; and

   b.      Has resided in and been domiciled within Manhattan, Illinois, in this judicial district.

   c.      Has been Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 201, *et seq*. and the IMWL, 820 ILCS 105/1, *et seq*.;

5.      At all relevant times, Defendant:

   a.      Has been a corporation organized under the laws of the State of Illinois;

   b.      Has had its principal place of business at 1169 E. Meadow Lake Dr., Palatine, Illinois, 60074, within this judicial district;

   c.      Has conducted business in Illinois and within this judicial district;

   d.      Has had in more than four (4) employees; and

   e.      Has been an "enterprise" as defined by Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A).

### IV.    FACTUAL BACKGROUND

6.      Defendant is a corporation specializing in commercial cleaning.

7.      Plaintiff worked for Defendant as an employee performing cleaning and maintenance services at the locations to which he was dispatched by Defendant from approximately July 16, 2018 through June 10, 2019.

8.      Plaintiff worked for Defendant as an employee cleaning the Cinemark Movie Theater in the Louis Joliet Mall, located at 3340 Mall Loop Dr Suite 1382, Joliet, IL 60431.

2

9. Plaintiff also worked for Defendant as an employee cleaning the Green Oaks Apartments, located in Illinois.

10. From approximately July 16, 2018 through June 10, 2019:

    a. Plaintiff typically worked five (5) hour shifts from approximately 12:00 a.m. to approximately 5:00 a.m. on Mondays, Tuesdays, Wednesdays, Thursdays, Fridays, Saturdays, and Sundays at the Cinemark Movie Theater in the Louis Joliet Mall;

    b. Plaintiff typically worked four (4) hour shifts from approximately 8:00 a.m. to approximately 12:00 p.m. on Mondays, Tuesdays, Wednesdays, Thursdays, and Sundays at the Green Oaks Apartments.

11. From approximately July 16, 2018 through June 10, 2019, as described in paragraph 10 *supra*, Plaintiff typically worked approximately fifty-five (55) hours in each individual work week.

12. Plaintiff reported to Bonka Atanassova.

13. Bonka Atanassova is the owner of Sopot, LLC.

14. Defendant paid Plaintiff a set amount semi-monthly on the 2nd and 18th day of each month as follows:

    a. From approximately July 16, 2018 through approximately March 31, 2019, Defendant paid Plaintiff $800.00 categorized as "salary" and $750.00 categorized as "Additional $". *See* Ex. A.

    b. From approximately April 1, 2019 through approximately June 10, 2019, Defendant paid Plaintiff $950.00 categorized as "salary" and $750.00 categorized as "Additional $". *See* Ex. B.

15. The payroll checks issued to Plaintiff did not contain the hours worked during the pay period or the hourly rate of pay earned by Plaintiff during the pay period. *See* Exs. A and B.

16. At all relevant times, Plaintiff was not exempt from the overtime requirements of the FLSA or IMWL.

17. Defendant typically paid Plaintiff with a check issued through its payroll service.

18. Defendant failed to pay overtime compensation to Plaintiff for all time worked in excess of forty (40) hours in each individual work week.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**Overtime Wages**

19. Plaintiff incorporates and re-alleges paragraphs 1 through 18 of this Complaint, as though set forth herein.

20. The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA.

21. As discussed more fully in paragraphs 6 - 18, *supra*, Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during his employment with Defendant.

22. Plaintiff was not exempt from the overtime wage provisions of the FLSA.

23. Plaintiff was entitled to be compensated at the rate of one and one-half times his regular wage for all time worked in excess of forty (40) hours in an individual work week.

24. As discussed in greater detail in paragraphs 6 - 18, *supra*, Defendant violated the FLSA by failing to compensate Plaintiff overtime wages at the rate of one and one-half times his regular wage rate for all time worked in excess of forty (40) hours in individual work weeks.

25. Defendant willfully violated the FLSA.

4

26.     Therefore, Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.  A judgment in the amount of unpaid overtime wages for all the time Plaintiff worked in excess of forty (40) hours in individual work weeks for Defendant;

B.  Liquidated damages in the amount equal to the unpaid wages;

C.  That the Court declare that the Defendant violated the FLSA;

D.  That the Court enjoin the Defendant from continuing to violate the FLSA;

E.  Reasonable attorneys' fees and costs of this action as provided by the FLSA;

F.  Such other further relief this Court deems appropriate and just.

## Count II
## Violation of the Illinois Minimum Wage Law
## Overtime Wages

27.     Plaintiff incorporates and re-alleges paragraphs 1 through 26 of this Complaint, as though set forth herein.

28.     The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the IMWL.

29.     As discussed more fully in paragraphs 6 - 18, *supra*, Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during his employment with Defendant.

30.     Plaintiff was not exempt from the overtime wage provisions of the IMWL.

31.     Plaintiff was entitled to be compensated at the rate of one and one-half times his regular wage for all time worked in excess of forty (40) hours in an individual work week.

5

32.     As discussed in greater detail in paragraphs 6 - 18, *supra*, Defendant violated the IMWL by failing to compensate Plaintiff overtime wages at the rate of one and one-half times his regular wage rate for all time worked in excess of forty (40) hours in individual work weeks.

33.     Pursuant to the IMWL, Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.  A judgment in the amount of unpaid overtime wages for all the time Plaintiff worked in excess of forty (40) hours in individual work weeks for Defendant;

B.  Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.  That the Court declare that the Defendant violated the IMWL;

D.  That the Court enjoin the Defendant from continuing to violate the IMWL;

E.  Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.  Such other further relief this Court deems appropriate and just.

Respectfully submitted,

Dated: July 13, 2021

*s/Christopher J. Williams*
Christopher J. Williams (ARDC# 6284262)
National Legal Advocacy Network
1 N. LaSalle Street, Suite 1275
Chicago, Illinois 60602
(312) 795-9121

Attorney for Plaintiff